RENE L. VALLADARES
Federal Defender
MICHAEL J. KENNEDY
Chief Assistant Federal Defender
Nevada State Bar #10103
Colorado State Bar #17868; California State Bar #193901
201 West Liberty Street, Suite 102
Reno, Nevada 89501
Telephone (775) 321-8455 (Reno)
Telephone (775) 388-5141 (Las Vegas)
michael_kennedy@fd.org
Attorney for Defendant Van McDuffy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 3:13-cr-108-MMD-VPC |
| ) | |
| Plaintiff, ) | **Proposed Joint Motion To Designate Case As Complex With Points & Authorities Together With Joint Proposed Complex Case Schedule Pursuant To Local Court Rule 16-1(a)** |
| ) | |
| v. ) | |
| ) | |
| VAN McDUFFY, ) | |
| also known as Van McDuffie ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION UNDER LCR 16-1(A)**

Defendant Van McDuffy, by his attorney of record, Michael J. Kennedy, Chief Assistant Federal Defender, and the United States, by its attorney of record, Megan Rachow, Assistant United States Attorney, move this court, based upon good cause shown, to designate this case as complex. Local Court Rule 16-1(a) provides that "[a]t any time after arraignment, the Court on its own motion or upon motion by any party, and for good cause shown, may designate a case as complex." LCR 16-1(a)(1). During the October 31, 2013 arraignment and plea hearing, the parties informed the court that they would be filing a joint complex case schedule pursuant to Local Rule 16-1, because both parties sought designation of the case as complex. *C.R. 14, 10/31/2013 A&P minutes*. Based upon good cause shown below, the parties jointly request that this Court designate the case as complex and issue an order granting the proposed complex case schedule.

1

**POINTS & AUTHORITIES**

On October 30, 2013, after Van McDuffy's initial appearance on a criminal complaint (*see C.R. 1 (criminal complaint) & C.R. 8 (10/17/2013 minutes of initial appearance)*), a federal grand jury returned a two count indictment against Van McDuffy. *C.R. 11, indictment*. Count One charges Defendant Van McDuffy with bank robbery with a dangerous weapon resulting in death in violation of Title 18 United States Code Section 2113(a), 2113(d) and 2113(e). *C.R. 11 at 1:15-1:24*. Title 18 United States Code Section 2113(e) provides that "[w]hoever, in committing any offense defined in this section ... kills any person ... if death results shall be punished by death or life imprisonment." 18 U.S.C. § 2113(e). Count two charges Defendant Van McDuffy with use of a firearm during and in relation to a crime of violence causing death in violation of Title 18 United States Code Sections 924(c)(1) and 924(j)(1). *C.R. 11 at 2:01-2:09*. Title 18 United States Code Section 924(j)(1) provides that "[a] person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall–if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years ... ." 18 U.S.C. § 924(j)(1). On October 31, 2013, Defendant Van McDuffy entered his not guilty plea to both counts. *C.R. 14, 10/31/2013 A&P minutes*.

The potential of punishment by death makes Van McDuffy's case complex, both legally and factually. *See* 18 U.S.C. § 3005 (statutory right to 2 counsel, with at least 1 learned in the law applicable to capital cases ... in assigning counsel, the court shall consider the recommendation of the Federal Public Defender organization ... ); 18 U.S.C. § 3599(a)(1)(A) ("Notwithstanding any other provision of law to the contrary, **in every criminal action in which a defendant is charged with a crime which <u>may</u> be punishable by death**, a defendant who is unable to obtain adequate representation or investigative, expert, or other reasonably necessary services ... before judgment ... shall be entitled to the appointment of one or more attorneys ... in accordance with subsections (b) through (f).") (emphasis supplied); 18 U.S.C. § 3559(b) ("If the appointment is made before judgment, at least one attorney so appointed must have been admitted to practice in the court in which the prosecution is to be tried for not less than five years, and must have had not less than three

years of experience in the actual trial of felony prosecutions in that court."); & 18 U.S.C. § 3599(d) (emphasis added) ("With respect to subsections (b) and (c), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, **with due consideration to the seriousness of the possible penalty and the unique and complex nature of the litigation**.") (emphasis added). Accordingly, the governing statutory scheme expressly recognizes "the unique and complex nature of the litigation" in potential federal death penalty cases. *Id*.

Federal death penalty procedure is based on the Federal Death Penalty Act of 1994, codified at Title 18 United States Code Section 3591 *et. seq*. All cases in which a defendant is charged, or could be charged, with an offense subject to the death penalty, are governed by the procedures outlined in Chapter 9, Sections 10.010 through 10.190 of the United States Attorney's Manual, which mandates that the final decision about whether to seek or not seek the death penalty is made by the Attorney General (himself or herself), after consultation with the United States Attorney and the Capital Case Unit within the Department of Justice, and, with limited exceptions, after providing defense counsel the right to present facts, including mitigating factors, to the United States Attorney and the Capital Case Committee in any case in which the United States Attorney is considering whether to request approval to seek the death penalty. Indeed, no final decision to seek the death penalty shall be made if defense counsel has not been afforded the opportunity to present evidence and argument in mitigation. *USAM 9-10.120*. The procedures inherent in the DOJ federal death penalty protocol, based upon McDuffy's counsel's experience over 10 plus years of defending cases subject to those procedures, make any case which is subject to them unique and complex in the investigation of statutory and non-statutory aggravating and mitigating factors, and the filing of pre-authorization discovery and similar motions practice. Even if review by the Attorney General is made on an expedited bases – such as where all parties agree that the gateway step to establish the requisite mental intent for capital murder by proof beyond a reasonable doubt is lacking under 18 U.S.C. § 3591(a)(2), or no statutory aggravating factor arguably exists under 18 U.S.C. §3592(c) – the nature of this review remains unique and complex.

The time needed to complete the Department of Justice's "death penalty protocol" is properly excluded under the Speedy Trial Act. See *United States v. Murillo*, 288 F.3d 1126 (9th Cir. 2002) (holding that the Department of Justice's death penalty protocol is a "valid reason to grant an ends of justice continuance" under 18 U.S.C. § 3161(h)(7)(8)(A)). It is the experience of counsel that, even in the most expeditious case, the time necessary to complete the "death penalty protocol" is usually between 12-18 months in cases in which the decision is to "not seek" the death penalty. This experience is based on actual time periods in five or more cases which counsel has been counsel of record in the District of Nevada, either in Las Vegas or in Reno. For this reason, the parties jointly request that the Court designate this case a complex case and issue an order approving the proposed complex case schedule set forth below.

PROPOSED PREAUTHORIZATION COMPLEX CASE SCHEDULE

1. The Initial Pre-Authorization Discovery Phase.

The parties propose that the government shall have from until December 20, 2013 to disclose and provide the following:

   a. all statements, documents, and objects, including audio and video recordings, required to be disclosed under Federal Criminal Rules of Procedure 16(a)(1)(A)-(F);

   b. all search warrants, orders authorizing the interception of wire, oral or electronic communications, and supporting affidavits, that relate to evidence that may be offered at trial;

   c. all police or investigative reports that relate to the charges in the Indictment, except for reports or memoranda of interviews of witnesses the government intends to call in its case in chief.

If the government intends to withhold the disclosure of items based upon assertions of privilege or work product or otherwise, it must provide notice to the defense of its intent to withhold disclosure and describe the nature of the item and the basis for withholding disclosure.

///

2. <u>Preauthorization Motions</u>

    a. Preauthorization Motions, that is, all motions related to the Death Penalty Protocol, shall be filed on or before April 25, 2014.

    b. Responses to Preauthorization Motions shall be filed on or by May 23, 2014.

    c. Replies to Preauthorization Motions shall be filed on or by June 6, 2014.

    d. Defendant Van McDuffie shall submit to the United States Attorney his Memorandum to Preauthorization on or by August 29, 2014

    e. The United States Attorney shall meet with defense counsel regarding Preauthorization on or by October 3, 2014

    f. The United States Attorney shall submit his recommendation concerning death penalty eligibility to the United States Department of Justice on or by October 31, 2014.

3. <u>Post-Filing of Notice Of Intent Regarding The Death Penalty</u>

The parties will file an amended complex case schedule setting forth the schedule for further discovery and discovery motions, pretrial motions, expert disclosure, and related matters within two weeks of the filing of the Notice of Intent regarding the death penalty in the district court.

4. <u>Trial Date</u>

The parties request that the trial date be set after the United States Attorney General makes his decision whether to authorize the United States Attorney to seek or not seek the death penalty, because the trial time necessary for trial of a federal capital case is dramatically different than the time necessary for trial of a case where the defendant is subject to life imprisonment but not death as the potential penalty.

5. <u>Stipulations For Speedy Trial Purposes</u>.

**IT IS HEREBY STIPULATED AND AGREED**, by and between Daniel G. Bodgen, United States Attorney, and Megan Rachow, Assistant United States Attorney, counsel for the United States of America, and Rene Valladares, Federal Public Defender, and Michael Kennedy, Chief Assistant Federal Public Defender, that the trial currently set for Tuesday, January 7, 2014 at

9:00 a.m. should be vacated and continued to a date and time to be set following the filing of the Notice of Intent regarding the death penalty in the district court. The calendar call presently scheduled for Monday, December 30, 2013 at 1:00 p.m. should be vacated and continued to a date and time to be set in an amended complex case scheduling order following the filing of the Notice of Intent regarding the death penalty in the district count. The ends of justice served by the granting of a continuance outweigh the best interests of the public and the defendant in a January 7, 2014 jury trial in this complex case pursuant to 18 U.S.C. § 3161(h)(7)(A), 3161(h)(7)(B)(ii) & 3161(h)(7)(B)(iv). First, this is a complex case as defined in 18 U.S.C. § 3161(h)(7)(B)(ii). Second, the parties agree that the continuance requested herein is necessary under the provisions of 18 U.S.C. §§ 3161(h)(7)(A) and (B)(I) and (iv) because failure to do so would deny government counsel, the the defendant and defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence and it would result in a miscarriage of justice. Third, the parties also agree that the continuance requested herein is necessary under the provisions of 18 U.S.C. §§ 3161(h)(7)(A) and (B)(I) and (B)(iv) to provide continuity of counsel, as defense counsel has a trial scheduled to commence before this Court on January 7, 2014. The additional time requested is excluded in computing the time within which the trial of any offense must commence under the Speedy Trial Act pursuant to Title 18 United States Code Section 3161(h)(7)(A) because the ends of justice served by taking such action outweigh the best interests of the public and the defendants in a speedy trial. 18 U.S.C. §3161(h)(7)(A).

Dated this 12th day of November, 2013.

| DANIEL G. BOGDEN | RENE VALLADARES |
| United States Attorney | Federal Public Defender |

*/s/ Megan Rachow*  
MEGAN RACHOW  
Assistant United States Attorney  
Attorney for United States of America

*/s/ Michael Kennedy*  
MICHAEL J. KENNEDY  
Chief Assistant Federal Public Defender  
Attorney for Van McDuffy

///

///

**ORDER**

Pursuant to LCR 16-1(a)(4) of the Local Rules of Practice for the District of Nevada and upon good cause shown, the Court hereby orders that this case is designated a complex case. The Court further adopts the schedule set forth in this stipulation and proposed order filed by the parties. The Court incorporates by reference the reasons set forth above and finds that this action continues to be is a complex case under 18 U.S.C. § 3161(h)(7)(B)(ii).

The Court further finds that the that the ends of justice served by this continuance outweighs the defendants' and public's best interests in a speedy trial under 18 U.S.C. § 3161(h)(7)(A); that the continuance is necessary because the failure to grant this continuance would deny counsel for the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence under 18 U.S.C. § 3161(h)(7)(B)(iv); that the continuance will provide continuity of counsel to the government and the defendant; and that the failure to grant the continuance requested would result in a miscarriage of justice under 18 U.S.C. § 3161(h)(7)(B)(I). IT IS HEREBY ORDERED that the time from the filing of the Proposed Complex Case Schedule through the time until the filing of the Notice of Intent regarding the death penalty is excluded from the time within which trial must commence under 18 U.S.C. §§ 3161(h)(7)(A) and (B)(I), (ii), and (iv). IT IS FURTHER ORDERED that the schedules for filing pretrial motions and other filings dates set forth in this Proposed Complex Case Schedule are hereby adopted and incorporated as part of this Order. IT IS FURTHER ORDERED that the jury trial presently scheduled for January 7, 2014, at 9:00 a.m. is vacated and continued to a date to be set following the filing of the Notice of Intent regarding the death penalty and that the calendar call presently scheduled for December 30, 2013 at 1:00 p.m. is also vacated and continued to a date to be set following the filing of the Notice of Intent regarding the death penalty.

**IT IS SO ORDERED**.

DATED this 13th day of November, 2013

_____
UNITED STATES DISTRICT JUDGE
MIRANDA M. DU